**Jacob PERRICONE, Appellant,**

v.

**Daniel CLARKE, Corrections LT., individually; Anthony Bovo, Corrections LT., individually; William Mottiqua, Corrections Officer, individually; Gregory Mohring, Corrections, Officer, individually.**

**No. 99–1259.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 13, 2001.

Jan. 17, 2002.

Before SCIRICA and BARRY, Circuit Judges, and MUNLEY, District Judge.*

OPINION OF THE COURT

PER CURIAM.

Plaintiff Jacob Perricone, an inmate at the State Correctional Institution at Graterford, brought a 42 U.S.C. § 1983 action alleging that correctional officers Daniel Clarke, Anthony Bovo, William Mottiqua, and Gregory Mohring violated his right to be free from cruel and unusual punishment and excessive force under the Eighth and Fourteenth Amendments.

A jury returned a verdict in favor of defendants. Perricone now appeals.

Perricone contends he was denied the right to a fair trial when he was allegedly: "(1) escorted to the witness stand by a

prison guard who stood next to him, between him and the jury, during his testimony; (2) the court compelled him to appear before the jury panel in prison garb; and (3) one or more jurors inadvertently saw him in handcuffs in a courthouse corridor." (Appellant's Br. at 2). No objection to these matters was made on record. *Id.* at 5.

Defendants contend we lack jurisdiction to hear this appeal because it is based on facts not in the record. If we consider the appeal, defendants contend a new trial is not warranted because "none of the events allegedly seen by the jury ... told the jury anything it did not already know from the nature of the case and Perricone's own testimony". (Appellee's Br. at 11).

I.

We have jurisdiction under 28 U.S.C. § 1291. Courts of appeal "should exercise their discretion to 'correct a plain forfeited error affecting substantial rights if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Fashauer v. New Jersey Transit Rail Operations, Inc.,* 57 F.3d 1269, 1289 (3d Cir.1995) (quoting *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)) (internal citation omitted).

II.

At issue is whether it is appropriate to exercise our discretion to correct a plain error because the error affected substantial rights. *Olano,* 507 U.S. at 732, 113 S.Ct. 1770. See also *Fashauer,* 57 F.3d at 1289 ("If anything, the plain error power in the civil context which is judicially rather than statutorily created should be used

---

* The Honorable James M. Munley, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

even more sparingly."). Perricone, a prison inmate, brought a § 1983 action against prison guards. It was no secret to the jurors that Perricone was a Graterford inmate serving a ten-year sentence. This was evident from the stipulated facts read to the jury and from Perricone's own testimony. The alleged events did not tell the jury anything they had not already learned from the evidence or the nature of the case. Furthermore, there was no evidence that any possible error affected substantial rights. The District Court properly instructed the jury on how to address the evidence. There is no indication the fairness or integrity of the judicial proceeding was seriously affected.

### III.

For these reasons, the judgment of the District Court will be affirmed.